Chief Justice Robertson,
delivered the opinion of the court.
This is an ejectment brought by the ap-pellee against the appellant, for a tract of land purchased by the appellee at sheriff’s sale under an execution in his favor, against Francis Major.
Grantor in a deed without ■warranty is a competent witness to testify either as to the fraudu-leucy or purity of the deed.
Party to a transaction to which fraud is imputed, if he be no pariy to the suit, nor directly interested in its issue, is as ocmpetent a witness to exonerate the transaction Jjon? fraud, as the hnputa?71 tion offraud "P?“ Sco°n£ petent to Prov®that 'lt is a forgery.
*586 The appellant holds under a deed from his father (Francis Major) to P. Major,in trust for the benefit óí the appellant’s children, prior to the emanation of the execution. The appellee insisted that this deed was colorable and void against the creditors of Francis ■Major.
In the progress of the trial, the circuit court refused to permit the appellant to’examine Francis Major (his Father) as a witness; and evidence having been introduced, tending to show that Francis Major never had the legal title to the land or any other interest in it which was liable to execution, the court instructed the jury, “that the deed from Francis Major, to P. Major, was conclusive evidence in this cause, of title in Francis Major, if the jury believed the cause of action wherein the judgment was recovered, on which the execution-issued, under which, the land in contest was sold, accrued prior to the date of said deed from Francis Major to Patrick Major, for George and his children and the said deed was made with a view to defraud creditors, or was without a valuable'consideration.'’
Without considering other points presented by the record, the judgment will be reversed for error, in rejecting Francis Major, as an incompetent witness; and in giving the foregoing instruction.
1st. As the deed from Francis to Patrick Major was without warranty, the grantor had no direct and legal interest in the event of this suit. In such a case the grantor-may be competent to testify, either as to .the fraudulency, or the validity and integrity of the deed. His peculiar attitude, is material, only so far as it may aiifect his credibility.
■In I Atkins, 452, and in II Ibid. 228, it is intimated, that, though a particeps fraudis, be competent to prove the fraud, he is not competent to disprmc. it.
But reason, analogy, and weight of authority, repu-díate any such distinction. It is not to be pre supposed that a fraud has been perpetrated; fraud or no fraud,is the question to be decided by the proof; a party to the transaction,, to which fraud has been imputed, not being a party to the suit, nor directly interested in its issue-should be as competent to exonerate the party and him, *587 ¡self from the imputation, as he would be, to prove it to be well founded. In neither case, could the verdict be used for, or against him, and in each, the objection would lie to his credit only.. It was long doubted, whether a party or a witness to a deed,,could be allowed to testify to any factwhich would impeach its purity orlegality. But it was never doubted,-that either(not. being interested) might be competent to. prove the.validity of. the deed. It is now settled, that a witness to a deed is competent to prove that it was a.forgery; Burrow, 1255, II Dallas. 214; II Wash. 63.
Right of trust, who executed hldds under a deed of trusst by grantor prior the levy of an axecution against gran-j^^Vannot be affected by the execution,
And we consider it tobe as well settled by authority, and as more consonant with reason,.that the. without liubility, may be a competent witness, to, testify that the deed was not fraudulent; see Peake's evidence, 146; Starkies evidence, and Jackson vs. Frost, et al. VI Johnson’s Rep. 136, and the authorities there cited, The circuit court therefore erred, in refusing to ■ • Major as a witness.
2d. The import and effect of the instruction,- are-somewhat doubtful; but whatever they may be, the Instruction, according to any allowable construction, cannot be sustained.
As the deed under which the appellant holds was executed, prior to the levy of the execution, his right, if unaffected by fraud, cannot be affected by the execu-. tion; and he would not be estopped to deny that Fran*-cis Major had any right, or a legal title, when the exe- ■ cution was levied, or when the land was sold by the • sheriff.
But if the deed to P. Major be fraudulent as to the creditors of Francis Major, then the attitude of George Major could not be better than that' which Francis would maintain, if he, instead ■ of George, had been made defendant.
Even according to this hypothesis however, the appellant might prove that nothing passed by the sheriff's deed, because the record exhibits no fact, which .would estop Francis Major himself from showing, that he had no title which the sheriff could transfer by. sale, under execution.
Ip an action of ejectment brought by the purchaser under a sheriff’s deed against the defendant in the execution, the defendant is estojped to deny the title of the purchaser acquired by sheriff’s deed.
We are aware, that it may be inferred from the de-. visions of the supreme court of New York, that, in that the debtor is estopped to deny that he had title, when sued in ejectment by a purchaser at a sheriff’s sale of land, of which the debtor was, at the time of the sale, possessed; such would seem to be the doctrine clearly intimated in Jackson vs. Graham, III Caines’ Rep, 188; and Jackson vs. Bush, X Johnson, 223. But if this be the established law, in the state of New York, it does not follow, that it must be also, the law of Kentucky. On this point, there has been nq express adjudication by this court.
And we must dissent from the New York doctrine.
1st, Because their statute subjecting land to execution, is somewhat different from that of this state.
2d. Because, if the language of the statutes of the two states had been identical, the decisions of the New York court are not authoritative here, and their reasoning is inconclusive, and inapplicable to such a case as the one now under consideration.
Judge Washington decided in Cooper’s Lessee vs. Galbraith, (III Wash. C. C. R. 545,) that, “in an action of ejectment, brought by the purchaser under a sheriff’s deed against the defendant in the execution, the defendant cannot question the title. The sheriff stands in the situation of the attorney of the party, appointed by law to sell and convey, and his deed stands on the same footing with the deed of the parly himself.’,
This may be, and we are inclined to think, is sound law, as far as the reason assigned will apply. But the reason ceasing, the law ceases.
When the land is sold at the instance or with the as” sent, express or presumed, of the defendant, as he is ben* efitted by it, he should be bound by it as his own volun* tary act; and therefore, should not be permitted to deny that the purchaser acquired any title. But when the sheriff sells land under execution, against the will or without the privity or assent of the defendant in the execution, the latter will not be estopped to show that he had no such i ight, as that which the officer attempted to sell; and that, therefore, his possession should not be disturbed, in consequence of an unauthorized and inef *589 fectual attempt by the officer, to sell what did not.exist, or was not subject to sale.
Denny, for appellant; Monroe, for appellee.
There is no proof, that either Francis, Patrick or ¡George Major, assented to the sale of the land by the sheriff, and it is inferable, that they were all opposed to the sale.
If Francis Major never had the legal title to-the land, the sheriff’s deed transferred no right to the defendant. in error.
He can hold no more than the sheriff had a right to sell and did sell. And surely, in such a casé as this, Francis Major would not be precluded from showing that he had no title, which was subject to execution, and that, therefore, nothing passed by the sheriff’s deed. If he would be estopped by the act of the sheriff, without his assent, and in defiance of his right, then the exemption of mere equities from execution w*ould be idle and nugatory; for such interests might be sold without the concurrence of the owners; and if they would thereby, •be estopped to prove that they had no interests which were liable to execution, the sales would be legalized; rights might be sacrificed; and the purposes of the law, frustrated by the law itself.
But the debtor being in possession, prima facie, the sale by the sheriff passes the legal right; and the bur-then of proving the contrary, devolves on the defendant in the execution, as between him and the purchaser.
As Patrick Major might have denied that any title passed by the sheriff’s sale, the appellant is certainly not estopped to deny the title of the appellee.
If his deed be fraudulent, the creditor of the appellant is nevertheless, as good as that of the alienor would have been, had he been defendant.
Judgment reversed and cause remanded for a new trial.